IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRESTON LEE DAVIS, | § | |
| TDCJ-CID NO. 440871, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-3651 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Preston Lee Davis, a state inmate in custody of the Texas Department of Criminal Justice-Correctional Institutions Division ('TDCJ-CID'), brings this action seeking federal habeas corpus relief.  He challenges the length of his incarceration.  After reviewing the pleadings, the Court will dismiss the habeas corpus petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.     BACKGROUND

Petitioner reports that, on or about August 16, 1986, he was convicted of possession of cocaine in the 209th Criminal District Court of Harris County, Texas, for which he was sentenced to thirty-five years confinement in TDCJ-CID.  (Docket Entry No.1).  He was released on parole but his parole revoked in June 2007.  (*Id.*).

In this habeas action, petitioner does not challenge the conviction itself.  Instead, he challenges the forfeiture of his street time credit upon the revocation of his parole on grounds that the forfeiture of street time violates the Double Jeopardy Clause and Texas law.  (*Id.*).  Petitioner filed a state habeas application on June 14, 2010, challenging the same.  Harris County

1

District Clerk website.[1]   On September 8, 2010, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order on the trial court's findings without a hearing.   Texas Courts Online.[2]   Petitioner executed the pending petition for a federal writ of habeas corpus on September 28, 2010.   (Docket Entry No.1).   Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), Pub. L. No. 104-132, 110 Stat. 1214 (1996).   *See Lindh v. Murphy*, 521 U.S. 320 (1997).

II.   DISCUSSION

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of–

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] http://www.hcdistrictclerk.com/eDocs/Public/CaseDetails.aspx?CaseNbr=04649990101D (viewed Oct.10, 2010).

[2] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2418267 (viewed Oct. 13, 2010).

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).  The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).  Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims.  *Id.* at 198.

In this case, the limitations period began on the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).  In all likelihood, the factual predicate of petitioner's claims could have been discovered on or before June 2007, when petitioner's parole was revoked.  Liberally construing this record, however, the Court finds that the factual predicate of plaintiff's claims could have been discovered no later than July 16, 2008, the date of his Time Credit Dispute Resolution following the revocation of parole.  (Docket Entry No.1, page 12).  Accordingly, limitations to file a federal habeas petition expired in July 2009.

Petitioner filed the pending habeas action on September 23, 2010, more than one year after limitations expired.  (Docket Entry No.1).  Petitioner filed his state habeas application in June 2010; therefore, the tolling provisions found in § 2244(d)(2) do not apply.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).  Therefore, his petition is untimely.

3

Petitioner was ordered to file a written statement addressing the limitations bar and equitable tolling, if applicable, and was also granted an extension to file the same. (Docket Entries No.4, No.6). Petitioner did not file a statement addressing the limitations issue or requesting equitable tolling of the limitations period. Instead, he filed a copy of a letter addressed to Rick Thaler regarding the forfeiture of his street time credit. (Docket Entry No.7).

Petitioner has not alleged in any of his pleadings that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period.

III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d

4

248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural

grounds, the petitioner must not only show that "jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right," but also that they "would

find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d

at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th

Cir. 2000).  A district court may deny a certificate of appealability, sua sponte, without requiring

further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The

Court has determined that petitioner has not made a substantial showing that reasonable jurists

would find the Court's procedural ruling debatable.  Therefore, a certificate of appealability from

this decision will be DENIED.

III.    <u>CONCLUSION</u>

> Based on the foregoing, the Court ORDERS the following:

> 1.    Petitioner's habeas action is DENIED and the petition is
>        DISMISSED WITH PREJUDICE, as time-barred.

> 2.    A certificate of appealability is DENIED.

> 3.    All pending motions, if any, are DENIED.

> The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas, this 7th day of February, 2011.

_Melinda Harmon_

MELINDA HARMON
UNITED STATES DISTRICT JUDGE
